# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARNOLD JOE ALFORD, | ) |
| | ) |
|        Petitioner, | ) |
| v. | )   Case No. CIV-07-120-RAW-SPS |
| | )  (Underlying Case No. CR-03-93-RAW) |
| UNITED STATE OF AMERICA, | ) |
| | ) |
|        Defendant. | ) |

## REPORT AND RECOMMENDATION

The Petitioner Arnold Joe Alford seeks relief herein by way of an Application for 28 U.S.C. § 2255 [Civil Docket No. 1]. He contends his conviction and sentence in Case No. CR-03-93-RAW should be set aside for various reasons, all of which are related to the central assertion that he was afforded ineffective assistance by his retained lawyer. The District Judge referred portions of the Application to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) for an evidentiary hearing and recommendations. *See* Docket No. 10. The undersigned Magistrate Judge now recommends pursuant to 28 U.S.C. § 636(b)(1)(C) that the relief requested by the Petitioner be DENIED.

## BACKGROUND

The Petitioner was indicted in Case No. CR-03-93-RAW on two charges: (i) possession of methamphetamine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C); and, (ii) possession of pseudoephedrine in violation of 21 U.S.C. § 841(c)(2). [Criminal Docket No. 1]. The Court appointed the Federal Public Defender to represent the Petitioner at his arraignment, but within a week the Petitioner had retained

private counsel, *i. e.*, attorneys Gary Buckles and Warren Gotcher (the "Attorney"). The Attorney apparently had concerns about the Petitioner's competence and referred him to a psychologist for an evaluation. The psychologist issued a written report in which he opined that the Petitioner was "not competent to fully understand and waive his rights." *See* Docket No. 1-10, p. 5. Based on this report, the Attorney moved to suppress a confession given by the Petitioner when he was arrested. The government argued that the report failed to demonstrate that the Petitioner was incompetent when he gave the confession and objected to suppression, but before the Court could take up the issue, the Petitioner pled guilty to illegally possessing pseudoephedrine in exchange for dismissal of the methamphetamine charge. He was thereupon sentenced to 210 months of imprisonment and to 24 months of supervised release [Criminal Docket No. 45].

Although his plea agreement contained a waiver of appellate rights (as well as the right to seek post-conviction relief), the Petitioner appealed his sentence in Case No. CR-03-93-RAW. The Tenth Circuit Court of Appeals affirmed on one issue but dismissed on another based on the Petitioner's waiver in the plea agreement. The United States Supreme Court denied *certiorari*. The Petitioner then sought relief in this Court pursuant to 28 U.S.C. § 2255. The District Judge determined that the Petitioner's claims as to the validity of the plea agreement itself survived any waiver and referred them to the undersigned Magistrate Judge. The District Judge appointed the Federal Public Defender to represent the Petitioner, but he again elected to retain private counsel.

**ANALYSIS**

The District Judge specifically referred three of the claims raised in the Application to the undersigned Magistrate Judge: (i) a claim contained in Count V of the Application that the Petitioner was incompetent due to "psychiatry problems" when he entered his guilty plea in Case No. CR-03-93-RAW; (ii) a claim contained in Count VI of the Application that the Petitioner was incompetent due to the effects of his prescribed medication when he entered his guilty plea in Case No. CR-03-93-RAW; and, (iii) a claim contained in Count I of the Application that the Petitioner was denied the effective assistance of counsel in Case No. CR-03-93-RAW, insofar as that claim relates to the claims made in Count V and Count VI. None of these claims have merit, and the Petitioner should accordingly be denied any post-conviction relief.

**A. The Petitioner's Claims Regarding Competency**

The Petitioner contends in Count V and Count VI of his Application that he was incompetent when he entered his guilty plea in Case No. CR-03-93-RAW. "The law of competency is well-settled. The criminal trial of an incompetent defendant violates due process." *Allen v. Mullin*, 368 F.3d 1220, 1238 (10th Cir. 2004), *cert. denied*, 543 U.S. 1156 (2005) [internal quotation omitted; citation omitted]. The standard for determining competency is whether the defendant "has sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding-and whether he has a rational as well as factual understanding of the proceedings against him." *Dusky v. United States,* 362 U.S. 402, 402 (1960) [quotation marks omitted]. *See also Drope v. Missouri,* 420 U.S. 162, 171 (1975)

("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial."). This standard is the same regardless of whether the defendant actually stands trial or enters a guilty plea. *Godinez v. Moran,* 509 U.S. 389, 399 (1993) ("[W]e can conceive of no basis for demanding a higher level of competence for those defendants who choose to plead guilty. If the *Dusky* standard is adequate for defendants who plead not guilty, it is necessarily adequate for those who plead guilty.").[1]

"[C]ompetency claims can raise issues of both substantive and procedural due process." *McGregor v. Gibson,* 248 F.3d 946, 952 (10th Cir. 2001) [quotation omitted]. *See also Allen,* 368 F.3d at 1239 ("Competency claims may be based on violations of both

---

[1] There *is* a distinction between one who stands trial and one who enters a guilty plea, although not as to competence:

> A finding that a defendant is competent to stand trial, however, is not all that is necessary before he may be permitted to plead guilty or waive his right to counsel. In addition to determining that a defendant who seeks to plead guilty or waive counsel is competent, a trial court must satisfy itself that the waiver of his constitutional rights is knowing and voluntary. In this sense there *is* a "heightened" standard for pleading guilty and for waiving the right to counsel, but it is not a heightened standard of *competence*.

*Godinez,* 509 U.S. at 400-401 [emphasis in original; citations omitted]. The Petitioner *does* contend that his waiver of rights and guilty plea were not voluntary and intelligent, but this contention is premised entirely upon the claim he was incompetent due to his medications. In any event, although the District Judge did not specifically refer these issues for proposed findings, the undersigned Magistrate Judge *did find* at the plea allocution that the Petitioner was "knowingly, intelligently and willfully waiving his right to a trial and pleading guilty" and that his guilty plea was "made voluntarily and with [his] understanding of the charges against [him] and with [his] knowledge of the consequences of [his] plea" and would so find again if called upon to do so. *See* Criminal Docket No. 55, p. 20.

procedural and substantive due process."). "A procedural competency claim is based upon a trial court's alleged failure to hold a competency hearing, or an adequate competency hearing, while a substantive competency claim is founded on the allegation that an individual was tried and convicted while, in fact, incompetent." *McGregor,* 248 F.3d at 952. In order to prevail on a procedural competency claim, "the petitioner must establish that a reasonable judge should have had a bona fide doubt as to his competence at the time of trial." *Id.* at 954. But to prevail on a substantive competency claim, the "petitioner must present evidence that creates a 'real, substantial and legitimate doubt' as to his competency to stand trial.'" *Walker v. Ward*, 167 F.3d 1339, 1347 (10th Cir. 1999), *quoting Medina v. Singletary*, 59 F.3d 1095, 1106 (11th Cir. 1995).

### 1. Incompetence due to "psychiatry problems"

The Petitioner argues in Count V of his Application that he was incompetent due to "psychiatry problems" when he entered his guilty plea in Case No. CR-03-93-RAW. This argument was initially based on the psychological report prepared in support of the Petitioner's motion to suppress his confession. But the Petitioner presented additional evidence supporting this claim at the evidentiary hearing, *e. g*, testimony by Dr. Minor Gordon (who authored the psychological report) and the Petitioner's ex-wife and brother. None of this evidence establishes that the Petitioner was actually incompetent when he entered his guilty plea in Case No. CR-03-93-RAW. Further, since it was not presented to the Court when the Petitioner entered his guilty plea, none of this evidence establishes that the Court should have had a *bona fide* doubt as to the Petitioner's competency at that time.

Post-conviction relief on such basis is therefore inappropriate.

The psychological report is problematic *at best* as to the Petitioner's competency at the time he entered his guilty plea. Dr. Gordon suggests in the report that he evaluated the Petitioner's *present* mental status, *i. e.*, his competency to fully understand and waive his constitutional rights as of November 13, 2003, the date he prepared the report. This was less than two weeks before the Petitioner entered his guilty plea in Case No. CR-03-93-RAW. But Dr. Gordon was asked to determine competency as of December 18, 2002, when the Petitioner was arrested and incriminated himself in response to police questioning. And it is clear that Dr. Gordon's opinion as to the Petitioner's competency is based at least in part upon matters pertinent only to the time of his arrest, *e. g.*, the fact that the Petitioner may have been intoxicated at the time, and his ex-wife's opinion as to why he would waive his *Miranda* rights and confess. Given the purpose for which it was prepared, *i. e.*, to support suppression of the Petitioner's confession on the theory that he was incompetent when he made it, the undersigned Magistrate Judge concludes that the psychological report fails to demonstrate that the Petitioner was incompetent when he entered his guilty plea in Case No. CR-03-93-RAW almost a year later.

The testimony presented by the Petitioner at the evidentiary hearing likewise fails to demonstrate that he was incompetent when he entered his guilty plea in Case No. CR-03-93-RAW. The Petitioner's ex-wife and brother testified about his mental difficulties, *inter alia*, but neither offered objective evidence (or even any lay opinion) that the Petitioner was incapable of consulting with the Attorney or understanding the proceedings against him at

the time he entered his guilty plea. On the contrary, both indicated they were present when the Attorney discussed the plea agreement with the Petitioner to ensure that he understood it and made appropriate decisions. Further, both were present in the courtroom during the plea allocution and *said nothing* when the Attorney assured the Court that the Petitioner was fully competent to waive his rights and enter a guilty plea.

Dr. Gordon also testified at the evidentiary hearing, opining that the Petitioner was incompetent to fully understand and waive his constitutional rights at the time he entered the guilty plea in Case No. CR-03-93-RAW. His testimony (unlike his psychological report) thus avoided any ambiguity about *when* he thought the Petitioner was incompetent. Nevertheless, the undersigned Magistrate Judge finds Dr. Gordon's testimony unpersuasive. It was undoubtedly based in large part (if not exclusively) upon the evaluation underlying the psychological report. As discussed above, some of the factors underlying his opinion that the Petitioner was incompetent are unique to the time of his confession, *e. g.*, the fact that he may have been intoxicated. Other factors *do* appear to apply to the Petitioner at the time of his guilty plea, *e. g.*, his low IQ and limited reading ability, his use of sedating and hypnotic prescription medications and his history of drug and alcohol abuse, but none of these factors suggest that the Petitioner was incapable of consulting with the Attorney or understanding the proceedings against him at the time he entered his guilty plea. *See, e. g., Miles v. Dorsey,* 61 F.3d 1459, 1474 (10th Cir. 1995), *cert. denied,* 516 U.S. 1062 (1996) ("Petitioner also argues that the district court clearly erred in finding that he was competent when he is borderline mentally retarded, has a history of mental illness, and has been prescribed

psychotropic medication and abused drugs and alcohol . . . . Petitioner's history of mental problems, low intelligence, psychotropic medication, and substance abuse do not establish that he was incompetent to plea."), *citing Wolf v. United States,* 430 F.2d 443, 445 (10th Cir. 1970) ("The presence of some degree of mental disorder in the defendant does not necessarily mean that he is incompetent to knowingly and voluntarily enter a plea as well as aid and assist in his own defense.").

As the foregoing discussion demonstrates, none of the evidence presented by the Petitioner at the evidentiary hearing establishes that he was actually incompetent due to "psychiatry problems" when he entered his guilty plea in Case No. CR-03-93-RAW.[2] The Petitioner has therefore failed to show he was denied substantive due process with regard to competency. Further, it is irrelevant (at least as to this inquiry, but see *infra* at pp. 16-18) that such evidence might have given the Court a *bona fide* doubt as to the Petitioner's competency at the time he entered his guilty plea in Case No. CR-03-93-RAW, since it was not presented to the Court at that time.[3] Thus, the Petitioner has likewise failed to show he was denied procedural due process with regard to this competency claim.

---

[2] It should be noted for the record that the undersigned Magistrate Judge has considered *not only* the evidence presented at the evidentiary hearing *but also* the entire record in Case No. CR-03-93-RAW and Case No. CIV-07-120-RAW-SPS.

[3] A copy of the psychological report was attached to the Petitioner's motion to suppress his confession in Case No. CR-03-93-RAW and was therefore on file with the Court *before* the plea allocution. And a copy of the report was presented to the Court *after* the plea allocution (at the Petitioner's sentencing) in support of a "diminished capacity" argument. But a copy was *not* presented (or even mentioned) when the Petitioner entered his guilty plea, even though the Court specifically asked the Attorney if he had any reason to believe the Petitioner was not competent.

## 2. Incompetence due to prescription medications

Count VI of the Petitioner's Application also raises competency, *i. e.*, the Petitioner contends he was under the influence of his prescription medication when he entered his guilty plea in Case No. CR-03-93-RAW and was therefore incompetent at the time. This contention is based on the original transcript of the Petitioner's plea allocution, which indicates that the Petitioner answered in the affirmative when asked by the Court if his medication affected his ability to think or to understand the nature of the proceedings. But although a corrected transcript indicates that the Petitioner actually provided a negative answer, the District Judge ordered further development of the record because the corrected transcript was improperly obtained, *i. e.*, the government asked the court reporter to correct the original transcript without first obtaining court approval. *See, e. g., United States v. Durham,* 139 F.3d 1325, 1331 (10th Cir. 1998) ("There is no question but that the prosecutor acted inappropriately . . . [N]othing in [Fed. R. Crim. P. 36] may be read to allow counsel to request modification of a transcript without informing the court or opposing counsel.").

At the close of the evidentiary hearing, the Petitioner's privately retained counsel stipulated that the corrected transcript of the Petitioner's plea allocution could be substituted in place of the original transcript. The Petitioner thus concedes that he did in fact answer *in the negative* when asked by the Court about the effect of his medications. This amounts to an abandonment of any procedural due process competency claim regarding the Petitioner's medications, as an affirmative answer is the only explanation the Petitioner has advanced for why the Court should have had a *bona fide* doubt about his competency when he entered his

guilty plea. Further, although the Petitioner has not abandoned any substantive due process competency claim, the only evidence that even remotely suggests his medication rendered him incompetent when he entered his guilty plea came from Dr. Gordon, who testified (over the government's objection) that the Petitioner would function "at a lower level" because of the tranquilizing, sedative and hypnotic effects of his medication. But Dr. Gordon *did not* testify that the Petitioner's medication would render him unable to understand the nature of the proceedings against him, to consult with his Attorney and assist in his defense, or to voluntarily and intelligently waive his rights. Nor did Dr. Gordon opine that the Petitioner was actually incompetent when he entered his guilty plea in Case No. CR-03-93-RAW solely because of his medication. Consequently, the Petitioner has failed to show he was denied substantive due process with regard to this competency claim.

In summary, the undersigned Magistrate Judge concludes that the Petitioner has failed to establish he was actually incompetent when he entered his guilty plea in Case No. CR-03-93-RAW (whether due to "psychiatry problems" or to his medication), or that the Court should have had a *bona fide* doubt as to his competency at that time. Because the Petitioner has not shown he was deprived of substantive or procedural due process with regard to competency, post-conviction relief on this basis should be denied.

### B. The Petitioner's Ineffective Assistance Of Counsel Claim

The District Judge also referred the Petitioner's claim that he was denied the effective assistance of counsel (contained in Count I of the Application) to the extent that such claim is related to the Petitioner's competency claims. An ineffective assistance of counsel claim

is governed by the two-pronged test announced in *Strickland v. Washington*, 466 U.S. 668, 687-92 (1984). Specifically, the Petitioner must demonstrate that: (i) the Attorney's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms; and (ii) the deficient performance prejudiced his defense. *Id.* at 690-92. Failure to establish either prong of the *Strickland* standard must result in denial of the Petitioner's ineffective assistance of counsel claim under the Sixth Amendment. *Id.* at 697. Thus, the undersigned Magistrate Judge "may address the performance and prejudice components in any order, but need not address both if [the petitioner] fails to make a sufficient showing of one." *Foster v. Ward*, 182 F.3d 1177, 1184 (10th Cir. 1999). Further, the Attorney "is strongly presumed to have rendered adequate assistance[,]" *Strickland*, 466 U.S. at 690, and will not be found to have rendered ineffective assistance unless his representation of the Petitioner was "a mockery, sham, or farce, or resulted in the deprivation of constitutional rights." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1537 (10th Cir. 1994); *see also Hoxsie v. Kerby*, 108 F.3d 1239, 1246 (10th Cir. 1997) (holding counsel's performance must have been "completely unreasonable, not merely wrong," to be constitutionally ineffective) [quotation omitted].

In an nutshell, the Petitioner contends he was provided constitutionally defective representation because his Attorney did not raise the issue of his competency before allowing him to enter a guilty plea in Case No. CR-03-93-RAW. As discussed above, the Petitioner has failed to demonstrate he was actually incompetent when he entered his guilty plea. But it *is* worth considering whether evidence held insufficient to establish actual incompetency

*after the fact* might nevertheless have been sufficient to require a competency hearing pursuant to 18 U.S.C. § 4241 had it been presented contemporaneously.

With regard to performance, the Attorney was undoubtedly aware of the psychological report and the availability of testimonial evidence regarding the Petitioner's competency when the Petitioner entered his guilty plea. Why he did not present such evidence to the Court at that time is the pertinent question, and it is difficult to answer primarily because the government did not present any testimony from the Attorney (or from *any* source other than the Petitioner's own witnesses) at the evidentiary hearing. But the undersigned Magistrate Judge may take judicial notice of the Attorney's well-earned reputation for providing excellent representation, *see, e. g., Clark v. Western District of Oklahoma,* 399 F. Supp. 305, 307-08 (W.D. Okla. 1975) ("There is simply no truth in petitioner's assertion . . . that he was denied the effective assistance of counsel . . . The court may take judicial notice that the petitioner's attorney was an able member of the bar."), *citing Lorraine v. United States,* 444 F.2d 1, 2 (10th Cir. 1971) ("We recently held that the competency and qualification of a lawyer before the court are a matter of which the trial court had judicial knowledge and of which it could take judicial notice."), *citing Mitchell v. United States,* 432 F.2d 94, 95 (10th Cir. 1970) ("We have held that the competency and qualifications of a lawyer before the court are 'a matter of which the trial court had judicial knowledge and of which it could take judicial notice.'"), *quoting Wheatley v. United States,* 198 F.2d 325, 327 (10th Cir. 1952), and there clearly *is* evidence to suggest he decided to forego presenting evidence as to competency for sound strategic reasons. *See Strickland,* 466 U.S. at 689 ("[T]he defendant

must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.") [internal quotation omitted]. For example, the Attorney understood the limitations of the psychological report; although he filed a motion to suppress the Petitioner's confession based on the report, he candidly admitted to the Petitioner and his family that he did not expect to prevail on the motion. He might also have concluded (as has the undersigned Magistrate Judge) that the report and any testimonial evidence would prove even less persuasive as to the Petitioner's present competency than it was as to his competency at the time of his arrest. Further, the Attorney was clearly concerned that any further delay might result in the Petitioner obtaining a less favorable plea agreement. He told the family that the Petitioner had already missed an opportunity to plead to a charge that would have carried a maximum sentence of five years. Thus, whatever the Attorney may have thought about the possibility of effectively raising the issue of competency, he was apparently convinced that it was in the Petitioner's best interest to enter into a plea agreement with no further delay.

If this was in fact the Attorney's strategy, there are two troubling aspects to it. First, the Attorney apparently did not consult with the Petitioner or his family about using the psychological report (or any other competency evidence) for anything other than the suppression motion. This could be because the Attorney determined it would be futile (or even counterproductive) to raise the issue of the Petitioner's present competency. But this decision potentially involved the loss of a clear constitutional right, *i. e.*, the Petitioner's due process right to a competency hearing if the evidence raised a *bona fide* doubt), so the better

practice would clearly have been to consult with the Petitioner and let him decide whether or not to raise the issue of competency prior to entering a guilty plea.

Second, by far the most troubling aspect to this case is the Attorney's failure even to mention the psychological report when the Court specifically asked him during the plea allocution if he had any reason to believe that the Petitioner was incompetent to waive his rights and enter a guilty plea. It is conceivable, of course, that the Attorney simply thought the report was irrelevant with regard to the Petitioner's competency, or (as he assured the Court) that he simply did not believe that the Petitioner was not competent *notwithstanding the report*. But whatever his reasoning, the Attorney was obliged to inform the Court if there was any issue as to the Petitioner's competency. *See United States v. Boigegrain,* 155 F.3d 1181, 1188 (10th Cir. 1998) ("[T]he defendant's lawyer is not only allowed to raise the competency issue, but, because of the importance of the prohibition on trying those who cannot understand proceedings against them, she has a professional duty to do so when appropriate."), *citing Vogt v. United States,* 88 F.3d 587, 592 (8th Cir. 1996) ("'The failure of trial counsel to request a competency hearing where there was evidence raising a substantial doubt about a petitioner's competence to stand trial may constitute ineffective assistance of counsel.'"), *quoting Speedy v. Wyrick,* 702 F.2d 723, 726 (8th Cir. 1983). The report was clearly relevant to the question by the Court to the Attorney. Even if the Attorney did not believe the Petitioner was incompetent, he should have called the report to the Court's attention and let the Court decide what, if anything, it said about the Petitioner's competency. Whether this means the Attorney's representation of the Petitioner was

professionally unreasonable under the circumstances is debatable.[4]  The undersigned Magistrate Judge must therefore examine the issue of prejudice.  *See, e. g., United States v. Haddock,* 12 F.3d 950, 955 (10th Cir. 1993) ("The Supreme Court has observed that often it may be easier to dispose of an ineffectiveness claim for lack of prejudice than to determine whether the alleged errors were legally deficient.").

For purposes of determining whether the Petitioner was prejudiced in this case, the pertinent question is the one left unanswered above, *i. e.*, whether the psychological report and the other evidence presented at the evidentiary hearing would have persuaded the Court to order a competency hearing pursuant to 18 U.S.C. § 4241 if it had been presented at the plea allocution.  *See generally Strickland,* 466 U.S. at 694 (The question is whether "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.").  The undersigned Magistrate Judge finds there is

---

[4]  The evidence presented at the evidentiary hearing indicated that the Attorney was convinced that the Petitioner would be convicted if he was tried, in particular because of his confession, which the Attorney did not believe would be suppressed.  The Attorney was likewise convinced that the Petitioner would get a longer sentence if was tried and convicted, although he *does* seem to have underestimated the sentence the Petitioner would receive on a guilty plea.  Finally, the Attorney was apparently convinced that the psychological report was of little use at best.  The Attorney would therefore seem to be on fairly firm ground by advising the Petitioner to plead guilty and attempting to avoid any potentially risky detours, such as raising a competency issue he thought dubious at best.  *See Clark,* 399 F. Supp. at 308 ("Where a defendant has no defense to the merits of a criminal charge, counsel's duty to his client does not conflict with the sense of responsibility to the court and the public and all may well dictate that counsel advise his client to enter a plea of guilty."), *citing United States v. Jones,* 392 F.2d 567 (4th Cir. 1968), *cert. denied,* 393 U.S. 882 (1989).  *See also Schnautz v. Beto,* 416 F.2d 214, 215 (5th Cir. 1969) ("If the best professional advice that a lawyer can give is to enter a guilty plea and the accused relies on his lawyer's expertise, the accused cannot later successfully urge that the plea was involuntary on the basis of counsel's coercion.").

no reasonable probability that a competency hearing would have been ordered, and the Petitioner was therefore not prejudiced by the Attorney's failure to present the psychological report and the other competency evidence during the plea allocution.[5]

First, the psychological report *was* presented to the Court at sentencing, and it did not persuade the Court that the Petitioner was actually incompetent to be sentenced or that there was even a *bona fide* doubt as to his competency. Indeed, the Court was not persuaded even to grant the Petitioner a downward departure from the sentencing guidelines based on his claim of diminished capacity. Given that the Court is itself obliged by statute and by constitutional provision to order a competency hearing if the circumstances call for it, the Court's lack of interest in the psychological report at sentencing strongly suggests there is no reasonable probability that a competency hearing would have been granted if the Attorney had called the psychological report to the Court's attention at the plea allocution. *See generally* 18 U.S.C. § 4241(a) ("At any time after the commencement of a prosecution for an offense and prior to the sentencing of the defendant . . . [*t*]*he court* . . . shall order such a hearing on its own motion, if there is reasonable cause to believe that the defendant may presently be suffering from a mental disease or defect rendering him mentally incompetent

---

[5] The District Judge observed that ultimately, "[t]o satisfy the 'prejudice' requirement, the [Petitioner] must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *See* Docket No. 10, p. 2, *citing Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Thus, assuming *arguendo* that the Court *would have* ordered a competency hearing, and even that the Petitioner *would have* been determined to be incompetent, he has nevertheless failed to demonstrate that he would not eventually have entered a guilty plea anyway, given the near certainty of a conviction and a harsher sentence if he did insist on going to trial.

to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense.") [emphasis added].

Second, although the psychological report was not the only competency evidence available to the Petitioner (there was, for example, all of the evidence presented at the evidentiary hearing, which presumably could have been presented as well at the Petitioner's plea allocution and sentencing), the psychological report was clearly the most convincing of the Petitioner's competency evidence. In any event, the undersigned Magistrate Judge conducted the plea allocution and has since heard *all* of the Petitioner's competency evidence, and now concludes there is no reasonable probability that a competency hearing would have been ordered even if all of the evidence had been presented at the plea allocution. The undersigned Magistrate Judge was convinced that the Petitioner was competent when he entered his guilty plea based *not only* on the assurances of the Attorney *but also* on the answers given by the Petitioner himself. The evidence presented at the evidentiary hearing does not persuade the undersigned Magistrate Judge otherwise. Thus, the Petitioner was not prejudiced by the Attorney's failure to call the Court's attention to the psychological report (or to any of the other evidence presented at the evidentiary hearing) at the plea allocution, and the Petitioner's ineffective assistance of counsel claim must therefore fail.

## CONCLUSION

In summary, the undersigned Magistrate Judge concludes that none of the claims referred by the District Judge warrant granting post-conviction relief to the Petitioner in this case. Pursuant to 28 U.S.C. § 636(b)(1)(C), the undersigned Magistrate Judge PROPOSES

the findings set forth herein and accordingly RECOMMENDS that the Petitioner's Application for 28 U.S.C. § 2255 [Civil Docket No. 1] be DENIED as to those claims.

**DATED** this 7th day of December, 2007.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**