# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ARNOLD JOE ALFORD, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV-07-120-RAW |
| | ) (Underlying case CR-03-93) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER

Before the court is the motion of the petitioner for relief pursuant to 28 U.S.C. §2255. The background is related in the Tenth Circuit's opinion in *United States v. Alford*, 2005 WL 2033694 (10th Cir.), *cert. denied,* 547 U.S. 1113 (2006), which dealt with petitioner's direct appeal.

The court referred petitioner's motion to the United States Magistrate Judge for evidentiary hearing. The hearing has been conducted and a Report and Recommendation issued. Petitioner has filed an objection and supplemental objections. The court has reviewed the entire record, not merely the Report and Recommendation. *See Northington v. Marin,* 102 F.3d 1564, 1570 (10th Cir.1996).

A close question is presented, made more difficult by the parties. The essence of petitioner's claim is the alleged ineffective assistance of his retained counsel, Warren Gotcher. Neither party, however, called Mr. Gotcher as a witness at the evidentiary hearing. In addition, the government did not deign to file a response to petitioner's objections to the Report and Recommendation.

The court ultimately finds itself in agreement with Magistrate Judge Shreder's thorough Report and Recommendation. The court adds that the issue of the effect of drugs on petitioner and the issue of petitioner's psychiatric treatments were explored at the change of plea hearing. During the colloquy, petitioner under oath stated that he understood the proceedings and raised no impediment to going forward. In other words, quite apart from his attorney's conduct, petitioner himself had the opportunity to answer the questions of the Magistrate Judge (who took the plea) differently, thereby placing the issue of competence directly before the court. He did not do so.

The primary purpose of the plea colloquy is to safeguard against the hasty acceptance of guilty pleas that are not made in a knowing and voluntary fashion. *United States v. Rea-Beltran*, 457 F.3d 695, 700 (7th Cir.2006). "A guilty plea is not a road-show tryout before the 'real' contest occurs in the §2255 proceedings." *Hugi v. United States*, 164 F.3d 378, 382 (7th Cir.1999). In his testimony at the evidentiary hearing, psychologist Minor Gordon essentially retrospectively opined that the entire colloquy was a sham, because petitioner is a "pleaser", who would say what was expected of him, even if specifically asked if he understood and appreciated his waiver of rights. (Transcript of Evidentiary Hearing at 10). While there is a statement in Dr. Gordon's original report (attached to petitioner's §2255 motion) about petitioner's desire to please, nothing therein provides diagnostic support for the view that this desire is so strong that petitioner would commit perjury in order to satisfy it.

It is the Order of the Court that the motion of the petitioner pursuant to 28 U.S.C. §2255 is hereby DENIED in all respects.

**ORDERED THIS 19th DAY OF JUNE, 2008.**

**Dated this 19th Day of June 2008.**

J4h4i0

Ronald A. White
United States District Judge
Eastern District of Oklahoma